BRADY, Justice:
This is an appeal of a workmen’s compensation case from the Circuit Court of Rankin County, Mississippi, wherein the court reversed the holding of the full Workmen’s Compensation Commission and reinstated the order of the attorney referee, requiring the appellant to pay all medical bills including the expenses of two additional doctors selected by the appellee, upon authorization by the appellant. From this decision an appeal was taken.
Under Mississippi Code 1942 Annotated section 6998-08 (1952) and the subdivisions thereof, the appellant in this cause had the right to designate the physician and medical, surgical or other treatment necessary for the medical treatment of the employee. This the appellant did when the appellee first reported her injury by selecting Dr. Edgar Bobo, who in turn referred the appellee to Dr. George Purvis. This same statutory authorization permitted the appellant, through its superintendent, to designate other physicians or surgeons together with additional medical and surgical treatment. The testimony of the appel-lee is uncontradicted that the appellant’s superintendent and superior official of the appellee, Mr. Fred Ayres, was told by the appellee that she was going to another doctor; that she “felt that- Dr. Bobo wasn’t doing anything for me and I was feeling just as much pain as I ever was or maybe more.” Appellee then stated that Mr. Ayres told her to “go to whoever I had to, or do whatever I had to to get better.”
This is uncontradicted and is an express authorization on the part of the appellee *191 employer for the appellant to select a doctor of her choice. She chose Dr. Richard E. Schuster, her family physician, who referred her to Dr. B. G. Spell, an orthopedic surgeon, who removed a ruptured disc from appellee’s back. The statutory limitation of $100 expense to be borne by the employer where the employee selects his own physician or surgeon of section 6998-08(e) together with Rule 9 of the Mississippi Workmen’s Compensation Commission does not apply under the facts of this case.
The judgment of the circuit court affirming the attorney referee is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.